UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------X

RUBY MAITLAND; ERICA MAITLAND,
JOSEPH WILLIAMS; and JORDANA
HARRISON,

Plaintiffs,

-against-

THE CITY OF NEW YORK; and JOHN DOE
POLICE OFFICERS 1-6,

Defendants.

-----------------------------------------------------------------------X

**ORDER**

**13-CV-2256 (NGG) (CLP)**

NICHOLAS G. GARAUFIS, United States District Judge.

On April 12, 2013, Plaintiffs Ruby Maitland, Erica Maitland, Joseph Willimas, and

Jordana Harrison filed this action against Defendants City of New York and John Doe Police

Officers 1-6, under 42 U.S.C. § 1983. (Compl. (Dkt. 1).) They allege violations of their federal

constitutional rights under the Fourth, Fifth, and Fourteenth Amendments, as well as violations

of Article 1, Section 12, of the New York State Constitution. (Id. ¶ 1.)

On July 2, 2013, Defendant City requested a pre-motion conference to discuss filing a

motion to dismiss for failure to state a claim. (Dkt. 7.) The court granted the request and

referred both the pre-motion conference and any motion to dismiss to Magistrate Judge Cheryl L.

Pollak. (July 3, 2013, Order.) Judge Pollak granted permission to file the motion, which

Defendants did on September 6, 2013. (Dkt. 9.) On October 25, 2013, Plaintiffs filed their

response in opposition to the motion to dismiss and made a cross-motion to amend their

Complaint. (Dkt. 11.) Defendants filed a reply addressing both motions on November 12, 2013.

(Dkt. 13.)

On January 28, 2014, Judge Pollak issued a report and recommendation ("R&R")

pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b)(1). (Dkt. 14.)

1

Judge Pollak recommended that the court grant Defendants' motion to dismiss the Complaint against both the City and the John Doe defendants. (Id. at 6, 8, 14-15.) She also recommended that the court deny Plaintiffs' cross-motion to amend their Complaint to name the individual officers involved because these claims would be barred by the applicable statute of limitations and do not meet the requirements for relation back. (Id. at 14-15.) Judge Pollak directed the Clerk of Court to serve copies of the R&R on the parties via the Electronic Case Filing System (ECF). (Id. at 15.) The R&R was posted to ECF on January 28, 2014. (Dkt. 14.)

No party has objected to Judge Pollak's R&R, and the time to do so has passed. See Fed. R. Civ. P. 72(b)(2). (See also R&R at 15.) Therefore, the court reviews the R&R for clear error. See Gesualdi v. Mack Excavation & Trailer Serv., Inc., No. 09-CV-2502 (KAM) (JO), 2010 WL 985294, at *1 (E.D.N.Y. Mar. 15, 2010); La Torres v. Walker, 216 F. Supp. 2d 157, 159 (S.D.N.Y. 2000); cf. 28 U.S.C. § 636(b)(1). Finding no clear error, the court ADOPTS the R&R in its entirety, see Porter v. Potter, 219 F. App'x 112 (2d Cir. 2007), and as set forth above and in the R&R: the Complaint is DISMISSED in its entirety and Plaintiffs' cross-motion to amend is DENIED. The Clerk of Court is respectfully requested to enter judgment and close the case.

      SO ORDERED.

s/Nicholas G. Garaufis

Dated: Brooklyn, New York
       February 19, 2014

NICHOLAS G. GARAUFIS
United States District Judge